UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHELE GUIDRY

VERSUS

LOUISIANA MILITARY DEPARTMENT
YOUTH CHALLENGE PROGRAM

CIVIL ACTION

NO. 20-801-JWD-EWD

RULING AND ORDER

This matter comes before the Court on the *Motion for Summary Judgment*, (Doc. 49), (the "*Motion*") filed by the Louisiana Military Department – Youth Challenge Program ("Defendant" or "YCP"). Plaintiff Michele Guidry ("Plaintiff" or "Guidry") opposes the *Motion*. (Doc. 56-5.)[1] YCP filed a reply. (Doc. 60.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's *Motion* is denied.

I.    BACKGROUND

A.  Introduction and Relevant Procedural History

This is a Title VII case involving allegations of discrimination, retaliation, and a hostile work environment on the basis of race and sex.[2] (*Plaintiff's Second Amended Complaint* ("*Am.*

---

[1] After Plaintiff filed her first opposition, (Doc. 51), she moved for leave to refile it, (Doc. 53), and the Court granted that request, (Doc. 55). She then filed another opposition, (Doc. 54), but later moved to substitute several documents, including that brief, to correct the caption, (Doc. 56). The Court granted Plaintiff's motion to substitute, but as far as the Court can tell, the second opposition, (Doc. 54), was not properly replaced by Plaintiff's proposed replacement opposition, which was attached to her motion to substitute as Doc. 56-5. Based on this information, the Court believes Doc. 56-5 is Plaintiff's intended opposition brief and, thus, refers to that document only in this opinion. The Court has shown considerable leniency regarding Plaintiff's brief. Counsel for Plaintiff is cautioned to be more attentive to the Court's rules and deadlines.

[2] Plaintiff additionally "alleges any and all claims that are grounded in TORT, which are State Law Claims whereby this Honorable Court exercises Supplemental Jurisdiction under *28 U.S. Code § 1367(a), et seq.*" (*Plaintiff's Second Amended Complaint* ¶ 6, Doc. 46.) Only Plaintiff's Title VII claims are the subject of this *Motion*.

*Compl.*") ¶ 24, Doc. 46.) In sum, Plaintiff is a white, female social worker who claims that her previous employer, Defendant, treated her differently than other black social workers and took various other actions against her over the course of a couple of months. (*See id.* ¶¶ 9–24; *see also* Doc. 40 at 1.) According to the allegations, this treatment culminated in a constructive discharge on October 3, 2018. (*Am. Compl.* ¶ 18, Doc. 46.)

On July 6, 2021, Defendant filed a motion to dismiss the case "on three main grounds: (1) the Title VII claims were not properly exhausted because no EEOC charge was timely filed within the 300-day window, (Doc. 26-1 at 4–5); (2) Plaintiff's state law claims have prescribed because they were not filed within eighteen months from the date the claims accrued, (*id.* at 5–6); and (3) Plaintiff failed to state viable claims under any theory, (*id.* at 7–11)." (Doc. 40 at 2.) In ruling on that motion, this Court stated that the exhaustion issue had become particularly "convoluted" for several reasons. (*Id.* at 2.) First, the operative complaint at that time provided that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on August 27, 2019, whereas Plaintiff's opposition to the motion provided that she filed her EEOC complaint on October 10, 2018. (*Id.* at 2–3.) Further compounding the confusion, Plaintiff attached "an EEOC Charge of discrimination signed and dated February 24, 2019," to her opposition without discussing the significance of the document in her brief. (*Id.* at 3.) Then, however, "Plaintiff provided a surreply in which she assert[ed], for the first time, that the February 24, 2019, charge was the correct one." (*Id.*)

Considering several factors, including Plaintiff's evolving position about when her EEOC charge was filed, the Court denied the motion to dismiss without prejudice and specifically ordered that the parties "contact the Magistrate Judge's office to set up a schedule (1) for Plaintiff to amend the operative complaint (a) to provide the correct date that Plaintiff contends she filed her EEOC

charge, and (b) to cure any deficiencies Plaintiff deems necessary in light of this ruling and Defendant's [motion to dismiss]; (2) for the parties to conduct limited discovery on the narrow issue of exhaustion; and (3) for Defendant to file a motion for summary judgment on this narrow and controlling question." (*Id.* at 1.)

Following that directive, on February 11, 2022, Plaintiff amended her complaint, alleging that she filed her first EEOC charge via email to EEOC investigator Fred Lewis on February 24, 2019, which is before the exhaustion deadline. (*Am. Compl.* ¶¶ 2–4, Doc. 46.) Plaintiff further alleges that she filed an EEOC charge again on August 27, 2019, and though this falls beyond the exhaustion deadline, she claims that this charge "relates back" to her February charge, thus making it timely. (*Id.* ¶ 7.) Thereafter, Defendant filed the instant *Motion* seeking summary judgment on the Title VII claims based solely on the exhaustion issue.

### B. Relevant Facts

Plaintiff filed a charge with the EEOC on August 27, 2019; this is not in dispute. (Defendant's *Statement of Uncontested Material Facts ("Def. SUMF")* ¶ 1, Doc. 49-1; Plaintiff's *Statement of Uncontested Material Facts* [sic] ("*Pl. OSMF*") ¶ 1, Doc. 51-1.) As discussed below, the controversy instead centers around whether Plaintiff previously filed an EEOC charge on February 24, 2019.  Because little is provided by the parties' statements of fact, the Court turns to the record evidence cited in the parties' briefs to both glean the material facts and "determine if there is a factual dispute" for summary judgment purposes. *Braud v. Wal-Mart Stores, Inc.*, No. 17-320, 2019 WL 3364320, at *4 (M.D. La. July 25, 2019) (deGravelles, J.) (citing *Smith v. Brenoettsy*, 158 F.3d 908, 910 (5th Cir. 1998) (holding that, where plaintiff failed to oppose the motion for summary judgment, the facts in the "Statement of Undisputed Facts" were admitted, "except to the extent that the 'facts' in the 'Statement of Undisputed Facts' are contradicted by

3

'facts' in other materials attached to his motion for summary judgment." (citation omitted)); *Porter v. Dauthier*, No. 14-41, 2015 WL 5611647, at *8, *13 (M.D. La. Sept. 23, 2015) (deGravelles, J.)). Where necessary and relevant, the Court will note which facts are disputed.

The activity log contained within Plaintiff's EEOC file shows that on October 10, 2018, approximately one week after her employment with Defendant was terminated, she submitted an online inquiry with the EEOC's New Orleans Field Office. (Def. Ex. A-2, File for EEOC Charge No. 461-2019-00077 ("EEOC File"), Doc. 49-4 at 14.) Plaintiff began corresponding with an EEOC investigator, Fred Lewis, and an appointment was scheduled for February 6, 2019, though it is unclear whether that interview was held. (*Id.* at 13–14.)

Plaintiff's exhibits show an email thread between her and Lewis concerning her claim. Plaintiff's exhibit A shows, *inter alia*, an email she sent Lewis on February 11, 2019, in which she indicated that the two had previously spoken and asked Lewis what the next steps would be. (*See* Pl. Ex. A, EEOC FORM 5A FEB 2019, Doc. 59-1 at 4.) Then, on February 24, 2019, Plaintiff emailed Lewis stating that she was "attaching a copy of the requested documentation [Lewis] asked [her] to complete by" February 26, as well as some additional documentation relevant to her claim; the subject line reads "Requested EEOC documentation." (*Id.* at 3; *see also* Pl. Ex. B, Plaintiff's Email Exhibit, Doc. 59-2 at 1.) The "requested documentation" referenced here is, according to Plaintiff, the EEOC charge she properly filed on February 24, 2019. More details concerning this document and its submission to Lewis are discussed below.

The next day, on February 25, 2019, Lewis responded "Thank you – Please Print sign and date the attached form 5A – scan – then email back as an attachment." (*Id.*) Plaintiff responded to Lewis later the same day: "That form was sign[ed] and dated yesterday with the information you requested, but here it is again for your records. There should be no need for me to resign a form I

have already signed." (Pl. Ex. D, Plaintiff's Due Diligence Email, Doc. 59-4 at 1.) The activity log in Plaintiff's EEOC file does not seem to reflect this activity, as there is no activity logged between February 19, 2019, and mid-June; in fact, only a handful of activities are logged during the timespan of February 2019 through July 2019:



(Def. Ex. A-2, EEOC File, Doc. 49-4 at 13.) Activity continued to be documented in this log up until, and after, Plaintiff filed the formal charge of discrimination with the EEOC on August 27, 2019. (*See id.* at 12–13.)

## II.    SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden and must identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"

*Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted)). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019) (citing *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002)).

If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted).

Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (cleaned up). Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (internal citations omitted).

"[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure [(that

is, beyond doubt)] all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *peradventure*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/peradventure (last visited Sept. 20, 2023). Phrased another way, "[w]here the summary judgment movant bears the burden of proof at trial, the summary judgment evidence must affirmatively establish the movant's entitlement to prevail as a matter of law." *Universal Sav. Ass'n v. McConnell*, 14 F.3d 52, 1993 WL 560271, at *2 (5th Cir. Dec. 29, 1993) (unreported).

### III.    DISCUSSION

#### A.  Parties' Arguments

##### 1. Defendant's Original Memorandum (Doc. 49-2)

Defendant argues that summary judgment is warranted because Plaintiff failed to exhaust her administrative remedies before initiating this lawsuit. (Doc. 49-2 at 1.) More specifically, Defendant contends that exhaustion has not occurred because Plaintiff failed to file a timely charge with the EEOC. (*Id.* at 2–3.) Defendant correctly points out that charges are considered filed at the time the EEOC "receives" the charge. (*Id.* at 2.) According to Defendant, the evidence available to the parties shows that Plaintiff did not file a charge with the EEOC until August 27, 2019, which is beyond the 300-day deadline. (*Id.* at 4.) Though Plaintiff claims that she filed a charge several months earlier, on February 24, 2019, Defendant maintains that there is no genuine issue of fact concerning whether that document was received for primarily two reasons: (1) the activity log contained in Plaintiff's EEOC file is evidence that the February 24, 2019, document was *not* received by the EEOC; and (2) Plaintiff has no evidence showing that said document was ever received. (*See id.*)

As to the activity log in Plaintiff's EEOC file, Defendant specifically points to the following as being relevant: (1) the file's activity log shows "a distinct lack of any entry" that would indicate the February 24, 2019, document was received, whereas there is "a clear entry on August 27, 2019, indicating that the EEOC received" the latter document; (2) "there is a four month gap in activity between February 18, 2019, and June 14, 2019;" (3) the activity on those two dates merely indicates the EEOC received correspondence from Plaintiff, who the file still listed as "PCP" for potential charging party; and (4) the activity log reveals "an August 15, 2019, entry of 'Inquiry status changes to PRE_CHARGE By FredMLewis (70310).' " (*Id.* at 2–3 (citations omitted).) Thus, according to Defendant, "Plaintiff's file clearly shows that the EEOC did not believe that a charge had been filed until the August 27, 2019, document." (*Id.* at 3.)

Not only does Defendant's evidence indicate the February 2019 charge was never received, Defendant argues, but there is also no evidence in the record that EEOC investigator Fred Lewis ever received the document Plaintiff emailed him on February 24, 2019. (*Id.* at 4.) "While Plaintiff may suggest that her [deposition] testimony that she sent the email, or even the email she sent, itself, is proof of receipt, '[p]roof of message exit from a transmitting machine cannot serve as a proxy for proof of actual receipt of the sent message by a remote receiving terminal.' " (*Id.* (quoting *Riley & Ephriam Const. Co., Inc. v. United States*, 408 F.3d 1369, 1372 (Fed. Cir. 2005)).) Finally, Defendant states, because the February 24, 2019, document was never filed, the August 27, 2019, charge has nothing to "relate back" to. (*Id.*) In other words, the lack of receipt of the February 2019 document means the untimely charge must fall too. Hence, Defendant concludes, Plaintiff is unable to show that she exhausted her administrative remedies by filing a timely EEOC claim, making summary judgment warranted. (*Id.*)

### 2. Plaintiff's Opposition (Doc. 56-5)

In response, Plaintiff argues that summary judgement should be denied because "[a] careful reading of the email thread" between her and Lewis shows that there are genuine issues of material fact concerning whether she filed an EEOC charge on February 24, 2019. (Doc. 56-5 at 1–2.) According to Plaintiff, in her email to Lewis on February 24, 2019, she "referenced and attached the documentation Mr. Lewis had provided her in the EEOC" online portal and instructed her to complete. (*Id.* at 4.) She also points out that, in this email, she "reference[d] the EEOC Portal Communication Number 2018." (*Id.*) According to Plaintiff, "[t]he EEOC Portal containing case number 2018 was apparently deleted from the portal[,]" but her email is clearly evidence demonstrating "that at the time this email was generated there was a portal open for that particular charge number." (*Id.* at 5; *see also id.* at 4 n.8 ("This account number was no longer available when requested from [the] EEOC.").) Plaintiff argues that Lewis's reply to that email, along with Plaintiff's later response that she had already sent the signed and dated Form 5A, constitutes evidence of Lewis's acknowledgement that he received the completed EEOC Form 5A. (*Id.* at 9.)

Next, Plaintiff addresses Defendant's arguments concerning the lack of any entry in the activity log showing she filed the February 24, 2019, charge. According to Plaintiff, the reason there is no entry evidencing this filing "is due to [the 2018] case number being unavailable at the time the record was requested from the Portal . . . [and] [Lewis's] failure to properly open and investigate the 2018 claim." (*Id.* at 8–9; *see also id.* at 9 n.9 ("Mr. Fred Lewis closed the 2018 Portal and opened a 2019 Portal. The case did not change in that amount of time to justify why he would close it and open another claim. Therefore, opening the 2018 claim with the same facts implies that Mr. Lewis accepted the EEOC charge and DID NOT intend to close it.").) Because

Lewis failed to properly record and investigate the 2018 claim, Plaintiff states, she was "eventually assigned a new [case] number" and "forced to file another charge under the 2019 case." (*Id.* at 9.)

Moreover, Plaintiff submits, because the February 24, 2019, charge was properly filed, the later-filed EEOC charge (August 27, 2019) can and does relate back to the charge filed in February. (*Id.* at 2.) In closing, Plaintiff reiterates that, while she contends that she did properly file a charge with the EEOC on February 24, 2019, the evidence in the record at the least shows that material factual issues remain on the question of exhaustion, making summary judgment improper. (*Id.*)

### 3. Defendant's Reply (Doc. 60)

In response to Plaintiff's opposition, Defendant re-urges many of the same arguments set forth in its original memorandum. (*See* Doc. 60.) In short, Defendant maintains that: (a) the email thread between Plaintiff and Lewis "show[s] only Plaintiff's apparent attempt to send the Form 5A to Mr. Lewis, not [his] receipt of the form[,]" (*id.* at 2); and (b) the activity log in Plaintiff's EEOC file "does not adequately explain the absence of any indication that the EEOC received the charge Plaintiff purports to have filed in February 2019." (*Id.* at 3.)

In addition, Defendant now argues that the exhibits Plaintiff presents as evidence showing she attached the Form 5A do not show that *she* attached that document; rather, they indicate the Form 5A was attached *by Lewis* when he responded to her on February 25, 2019. (*Id.* at 2–3.) Next, Defendant attacks Plaintiff's contention that her February charge is missing from her EEOC file due to Lewis improperly assigning her a case number:

> The file number for Plaintiff's EEOC file is 461-2019-00077. From the activity log in Plaintiff's EEOC file, the Court can see that this number was assigned to the file by absolutely no later than February 4, 2019, with no indication that any other file number was associated with it beforehand. Following this, there is no indication of any change to the file number until August 27, 2019, when an "N" is briefly appended to the end in response to the actual receipt of a charge. As such, not only is Plaintiff's assertion factually incorrect,

> even assuming this were true for the sake of argument, it does not adequately explain the absence of any indication that the EEOC received the charge Plaintiff purports to have filed in February 2019.

(*Id.* at 3 (citations omitted).)

In summary, Defendant argues that summary judgment should be granted because the available evidence presented by the Plaintiff reflects that the EEOC did not receive Plaintiff's charge until August 27, 2019, which is past the 300-day deadline. (*Id.* at 4.)

## B. Applicable Law

"A plaintiff asserting a claim under Title VII must exhaust administrative remedies before pursuing the claim in district court." *Bracken v. Welborn*, No. 20-72, 2021 WL 237693, at *4 (M.D. La. Jan. 25, 2021) (Dick, C.J.) (*first* citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *then* citing *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018) (citing 42 U.S.C. § 2000e–5(e)(1))). Administrative exhaustion occurs when a plaintiff files a timely charge with the EEOC and subsequently receives from the EEOC a statutory notice of the right to sue the employer named in the charge. *Id.* (citations omitted); 42 U.S.C. § 2000e–5(e)(1). Thereafter, the plaintiff has ninety days from receipt of the right-to-sue notice to file an action in court. *Taylor*, 296 F.3d at 379 (citations omitted).

In this case, the sole question for purposes of exhaustion is whether Plaintiff filed a timely charge with the EEOC detailing her Title VII complaints. The time-period applicable to determining whether the plaintiff filed a "timely" EEOC charge differs depending on the state in which it is filed. "Generally, Title VII's enforcement provisions require that an EEOC charge must be filed within 180 days after the alleged unlawful employment practice has occurred." *Fontenot v. Bd. of Supervisors of La. State Univ.*, No. 20-8, 2022 WL 2709006, at *7 (M.D. La. July 12, 2022) (Dick, C.J.) (citing 42 U.S.C. § 2000e–5(e)(1)). "However, in a 'deferral state,' such as

11

Louisiana, a claimant has an extended, 300-day period to file an EEOC charge." *Id.* (citing *Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007)). For purposes of filing a timely charge under Title VII, "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' " *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

This timing requirement is imposed on all Title VII claims regardless of "whether they are based on allegations of disparate treatment, disparate impact, hostile work environment, or retaliation[.]" *Clark v. City of Alexandria*, No. 20-01581, 2022 WL 822912, at *8 (W.D. La. Feb. 23, 2022), *report and recommendation adopted*, 2022 WL 816793 (W.D. La. Mar. 16, 2022). "Filing a timely charge is a prerequisite to having an actionable claim." *Santos v. Baton Rouge Water Works Co.*, No. 18-1098, 2021 WL 1227875, at *11 (M.D. La. Mar. 31, 2021) (deGravelles, J.) (quoting *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009)). Consequently, "any claims arising more than 300 days prior to the filing of an EEOC charge are time-barred." *Id.* (citing 42 U.S.C. § 2000e–5(e)(1)).

## C. Analysis

### 1. Preliminary Issues

Though the parties do not specifically address the issue, the Court finds it prudent to first explain why it need not list the tolling date for each individual claim in order to resolve the narrow dispute raised by the *Motion*. The question of whether Plaintiff exhausted her administrative remedies under Title VII by filing a timely charge with the EEOC necessarily requires a determination as to *when* Plaintiff was required to file said charge. The operative complaint contains allegations of discrete discriminatory and retaliatory acts occurring as early as August 20, 2018, and as late as October 3, 2018, the date Plaintiff claims she was constructively discharged.

(*See Am. Compl.* ¶¶ 10–18, Doc. 46.) Because the 300-day tolling period for each of these claims began running on the date the discrete violation occurred, the tolling date for each differs.

As previously explained, it is undisputed that Plaintiff filed a formal charge with the EEOC on August 27, 2019. At issue is whether Plaintiff also filed a charge months earlier, on February 24, 2019. If Plaintiff properly filed a charge of discrimination with the EEOC on February 24, 2019, then the only time-barred claims are those that arose more than 300 days before she filed that charge—here, that would include any acts occurring before April 30, 2018. Hence, if Plaintiff properly filed a charge with the EEOC on February 24, 2019, then none of her claims are time-barred.

On the other hand, if her only properly filed charge is the one filed on August 27, 2019, then any claims arising more than 300 days before then (that is, any claims that arose before October 31, 2018) are time-barred. In other words, regardless of the tolling date for each of Plaintiff's individual Title VII claims, the outcome is the same: if Plaintiff filed an EEOC charge on February 24, 2019, her claims are timely; if she did not file a charge on that date, then only the charge filed on August 27, 2019, remains, making all claims untimely in this case.[3]

The Court now turns to a separate threshold issue that the parties failed to address. Based on the briefing, the controversy between the parties centers on whether the Form 5A was received

---

[3] The Court is cognizant that Plaintiff also claims she was subjected to a hostile work environment. (*Am. Compl.* ¶ 24, Doc. 46.) "The continuing violation theory typically applies to hostile work environment claims." *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Canada, AFL-CIO*, Loc. 198, 469 F. Supp. 3d 615, 635 (M.D. La. 2020) (citation omitted), *on reconsideration in part*, 495 F. Supp. 3d 392 (M.D. La. 2020). "Under the continuing violations doctrine, a plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period, if the plaintiff can show a series of related acts, *one or more of which falls within the limitations period.*" *Id.* at 636 (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004)). Here, however, if Plaintiff filed a charge on February 24, 2019, then all her claims are timely regardless of that doctrine's applicability. Conversely, if she did not file a charge on that date, then she cannot show that "one or more [of the alleged acts] falls within the limitations period." *Id.* (citation omitted). Thus, even if the continuing violations doctrine applied, it would have no effect on the exhaustion analysis in this case.

by—and thus filed with—the EEOC on February 24, 2019. In making their arguments, both parties seem to assume that the Form 5A would constitute a charge of discrimination if it was received by the EEOC in a timely manner. However, it is undisputed that the document Plaintiff filed on August 27, 2019, constitutes a formal charge of discrimination, (*Def. SUMF*, ¶ 1, Doc. 49-1; *Pl. OSMF*, ¶ 1, Doc. 51-1; *see also* Def. Ex. A-2, EEOC File, Doc. 49-4 at 16), and that document clearly differs from the Form 5A executed in February 2019, (*compare* Def. Ex. A-2, EEOC File, Doc. 49-4 at 16 (listed as "EEOC Form 5 (11/09)"), *with* Pl. Ex. A, EEOC FORM 5A FEB 2019, Doc. 59-1 at 1 (listed as "EEOC Form 5A (October 2017)")). Moreover, though the Form 5A appears in many ways to be a document by which one files a formal charge[4], the form provides in bold print at the bottom of the second page: "THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION[.]" (Pl. Ex. A, EEOC FORM 5A FEB 2019, Doc. 59-1 at 2.)

Despite the form's language that it constitutes nothing more than a pre-charge inquiry, that fact alone does not necessitate the conclusion that the form is insufficient to qualify as a charge in the Title VII context. *See Conner*, 247 F. App'x at 481–82 ("Because the intake questionnaire was sufficient to constitute an EEOC charge and filed within the 300–day period, the district court erred in concluding that it was untimely and in dismissing [plaintiff]'s complaint on that basis."); *see also Clark v. Auger Servs., Inc.*, 443 F. Supp. 3d 685 (M.D. La. 2020) (deGravelles, J.) (finding that the intake questionnaire filed with the EEOC qualified as a charge for purposes of the timely filing requirement and Rule 12(b)(6)); *see also Jackson v. Chalmette Ref., LLC*, No. 23-858, 2023 WL 4409166 (E.D. La. July 7, 2023) (citations omitted) ("Although some courts have rejected the notion that an online inquiry constitutes a charge, other courts have allowed a delinquent charge

---

[4] For example, the title of the EEOC Form 5A reads in bold: "U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION CHARGE OF DISCRIMINATION[.]" (Pl. Ex. A, EEOC FORM 5A FEB 2019, Doc. 59-1 at 1.) Further, the signature and verification box of the form provides: "I understand by signing below that I am filing a charge of employment discrimination with the EEOC." (*Id.*)

to relate back to an initial inquiry and/or interview notes recorded by the EEOC officer later included in the charge document."); *see also Thomson v. Westlake Chem. Corp.*, No. 19-236, 2019 WL 4447594, at *5 (W.D. La. Sept. 16, 2019) (finding the plaintiff provided the EEOC with enough information before the 300-day deadline to allege a charge of discrimination based on interview notes created by EEOC representative).

However, that issue is not before the Court because—again—Defendant does not argue that the Form 5A is insufficient to constitute a charge. Further, considering that failure to comply with Title VII's charge-filing requirement is an affirmative defense for which Defendant would bear the burden of proof at trial, the Court is even more inclined to forgo making an explicit finding on a matter the movant has not specifically raised. *See Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."). Consequently, regardless of whether the Form 5A qualifies as a charge sufficient to toll the 300-day prescriptive period, the Court will presume it does constitute a charge for purposes of the proceeding analysis.

### 2. Genuine Questions of Material Fact Exist

As Defendant correctly points out, "[a]n EEOC charge is 'filed' when it is received by the EEOC." *Jackson*, 2023 WL 4409166, at *5 (citing 29 C.F.R. § 1601.13); *see also Owens v. Dall. Cnty. Cmty. Coll. Dist.*, 793 F. App'x 298, 301 (5th Cir. 2019) (citation omitted) ("Charges are considered filed when the EEOC receives the document."). "The Fifth Circuit has made clear that 'mailing' may not be construed as 'filing' for purposes of Title VII." *Id.* (cleaned up) (quoting *Taylor v. Gen. Tel. Co. of Sw.*, 759 F.2d 437, 440 (5th Cir. 1985)). "Thus, a charge is not considered filed when dated, signed, or mailed; rather, a charge is considered filed only when received by the

EEOC." *Id.* (citing, *inter alia*, *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 573 (5th Cir. 2013); *Taylor*, 759 F.2d at 440).

The sole question raised in Defendant's *Motion* is whether the EEOC received the charge Plaintiff allegedly emailed EEOC investigator Lewis on February 24, 2019. In short, the *Motion* is denied because the Court finds that numerous questions of material fact preclude a determination of whether the EEOC received this charge.

Where exhaustion is concerned, *Jackson* is factually similar to the present case in several respects, and the Court finds it instructive on this issue. There, the defendant argued that the plaintiff did not file a timely charge with the EEOC and attached "the EEOC records, which indicate[d] that she filed her charge on February 24, 2023, which [wa]s 18 days after expiration of the 300-day filing period." *Jackson*, 2023 WL 4409166, at *2. Plaintiff disagreed and, to show she filed her charge earlier, "submit[ted] a copy of an email that she sent to [an] EEOC Investigator on January 29, 2022, enclosing a signed draft charge of discrimination dated January 29, 2023, along with an Affidavit confirming her transmission of same." *Id.* at *3. Though faced with a Rule 12(b)(6) motion, the court treated the matter as a Rule 56 motion to consider certain evidence submitted by the plaintiff. *Id.* at *6. After reviewing the EEOC file's activity log as well as the plaintiff's evidence revealing her emails with the EEOC investigator, the court concluded that genuine issues of fact existed. Its reasoning was as follows:

> Initially, a review of the EEOC log reflects that the log is not exhaustive as it does not list every activity in the case. For instance, the EEOC log does not list Plaintiff's interview on September 19, 2022, which evidently occurred given that it was scheduled (as reflected on the log) and that the EEOC documents include the investigator's notes from that interview. ECF No. 14-1 at 13-14. Plaintiff's email exhibit certainly reflects that she attempted to email a copy of her charge, properly addressed, to the EEOC on January 29, 2023; however, the exhibit does not establish that the EEOC actually *received* her charge on that date. The email could have been

caught in spam or undelivered for some other reason, which would mean the EEOC did not receive it as required. Considering Fifth Circuit precedent holding that mailing is insufficient, as Plaintiff concedes (ECF No. 14 at 3), the January 29, 2023 charge cannot be considered "filed" based only on the email dated the January 29 absent evidence of *receipt* by the EEOC.

Defendant, however, offers no evidence regarding the EEOC's procedures for uploading documents received via email. Thus, while the absence of an entry on the log suggests the absence of receipt, <u>it is equally plausible that the document had been delivered to the EEOC investigator and was simply not uploaded by the investigator in a timely fashion.</u> Drawing all inferences in favor of the non-movant, as required, based on the evidence before me at this time, the Court cannot find that the undisputed evidence *establishes* that Plaintiff failed to deliver timely her EEOC charge.

*Id.* at *6–7 (third emphasis added).

Here, like in *Jackson*, Defendant points primarily to the EEOC file and the lack of any entry in the activity log indicating that the charge sent on February 24, 2019, was ever received, but this EEOC file too appears non-exhaustive. For example, Plaintiff's EEOC file in this case also indicates that she had an interview with EEOC investigators on February 6, 2019, as it was confirmed numerous times beforehand, (*see* Def. Ex. A-2, EEOC File, Doc. 49-4 at 13, 41), but the activity log does not indicate an interview occurred. (*See also id.* at 51 (Plaintiff's email from February 17, 2019, referencing a phone call with the EEOC and advice Lewis gave her the week before, neither of which are reflected in the activity log).) In addition, the activity log time and time again lists "Correspondence To/From Charging Party[,]" (*see id.* at 11, 13), but no entries were made between February 18, 2019, and June 14, 2019, despite the fact that Plaintiff's exhibits establish that she and Lewis emailed back and forth on February 24–25, 2019.

This case is also similar to *Jackson* in that Plaintiff attaches an email thread between her and an EEOC investigator—here, Lewis—to show that she did in fact send the charge to the EEOC within the prescriptive period. The email exhibit Plaintiff says establishes that she attached the

completed Form 5A shows that a Form 5A was attached to someone's email—either hers on February 24, 2019, or Lewis's on February 25, 2019—but to whose, the Court is unsure. (*See* Pl. Ex. B, Doc. 59-2.) Plaintiff claims the signed and dated form was attached to her email to Lewis, (Doc. 56-5 at 4), whereas Defendant argues that the exhibit shows the blank Form 5A being attached *by Lewis* on February 25, 2019, when he asked Plaintiff to fill it out, (Doc. 60 at 2–3). And, even if Plaintiff did attach the completed Form 5A to her email on February 24, 2019, "the exhibit does not establish that the EEOC actually *received* her charge on that date[;] [t]he email could have been caught in spam or undelivered for some other reason, which would mean the EEOC did not receive it as required." *Jackson*, 2023 WL 4409166, at *6. These are but a few of the factual disputes concerning whether Lewis actually received Plaintiff's February 24, 2019, charge on behalf of the EEOC.

When drawing all inferences in Plaintiff's favor, this Court cannot say that the lack of any corresponding entry on the activity log establishes that Plaintiff's email was never received, nor can it conclude that no genuine fact issues exist given the parties' disputes about the email thread between Plaintiff and Lewis. Accordingly, summary judgment for Defendant on the Title VII claims is inappropriate.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's *Motion for Summary Judgment* (Doc. 49) is **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>September 21, 2023</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

18